# Exhibit D

FILED: 7/1/2016 12:40:47 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

16-05228-211

CAUSE NO. _____

| | | |
|---|---|---|
| **CLINT CLEMENTS AS** | § | **IN THE DISTRICT COURT OF** |
| **ASSIGNEE OF VERDUN** | § | |
| **PROPERTIES, LLC** | § | |
| **Plaintiff,** | § | **DENTON COUNTY, TEXAS** |
| | § | |
| **v.** | § | |
| | § | |
| **NORTHFIELD INSURANCE** | § | |
| **COMPANY AND LAURIE** | § | |
| **MOORE** | § | **\_\_\_\_JUDICIAL DISTRICT** |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff CLINT CLEMENTS AS ASSIGNEE OF VERDUN PROPERTIES, LLC ("Plaintiff"), files Plaintiff's Original Petition, complaining of Defendants NORTHFIELD INSURANCE COMPANY AND LAURIE MOORE (collectively referred to as "Defendants"). For cause of action, Plaintiff would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN AND AMOUNT IN CONTROVERSY

Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. Pursuant to Texas Rule of Civil Procedure 47 (c)(4), Plaintiff affirmatively pleads that the amount in controversy in this case is over $200,000 but less than 1 million.

### II. PARTIES

Plaintiff Clint Clements as Assignee of Verdun Properties LLC is an Apartment Complex Owner doing business in Denton County at 2417 Louise Street Denton, Texas 76201.

Defendant Northfield Insurance Company is an insurance company engaging in the business of insurance in the State of Texas. This Defendant can be served with process by serving its registered agent at Premier Risk, LLC, 142 Lakeview Avenue, Lynbrook, NY 11563. **Service is**

**requested at this time.**

Defendant Laurie Moore is an Adjuster employed by Defendant Northfield Insurance Company who adjusts insurance claims in the State of Texas who can be served with process by serving employer Northfield Insurance Company's registered agent at Premier Risk, LLC, 142 Lakeview Avenue, Lynbrook, NY 11563. **Service is requested at this time.**

### III. JURISDICTION

The court has jurisdiction over the causes of action because the amount in controversy is within the jurisdictional limits of the court.

This court has jurisdiction over Defendants because they are registered to engage in the business of insurance in the State of Texas and the causes of action arise out of these Defendants' business activities in the State of Texas.

### IV. VENUE

Venue is proper in Denton County, Texas, because the subject Apartment Complex Property is situated in Denton County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE. §15.032.  In addition, all or a substantial part of the events or omissions giving rise to the claims occurred in Denton County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE. §15.002(a)(1).

### V. FACTS

On or around April 4, 2014, Plaintiff's Apartment Complex suffered substantial damage from a hailstorm and windstorm throughout the roof, exterior finishes, interior water damage and other cosmetic damage.  Initially, Defendants conducted a limited and result-oriented investigation as to

the cause and extent of damage to Plaintiff's roof, interior and exterior finishes and rendered a coverage opinion on July 2, 2014 denying Plaintiff's claim without the benefit of any expert investigation based on wear/tear, deterioration, improper construction and maintenance—without any explanation or basis as required by Article 541 of the Texas Insurance Code. And, this cursory, vague and baseless opinion resulted from an adjuster's inspection who "concluded that the water intrusion was most likely (*emphasis added*) a result of ponding, wear and tear, deterioration or improper workmanship of the roof structure." Yet, at no time, was an engineer retained or was the adjuster's (whose opinions formed the sole basis of Northfield's denial) identity, basis for his/her opinion and/or qualifications to render these opinions revealed and explained.

After the claim was denied and upon dispute by Plaintiff, Defendants retained Engineer Jordan Beckner with Donan Engineering to conduct a causation analysis as to the cause and scope of hail/wind damage to Plaintiff's roof and exterior/interior finishes. This was done only to support and backfill with a basis the prior, result-oriented and pre-textual denial previously rendered by Northfield based on the unknown adjuster's observations. That is, Adjuster Laurie Moore had already reached Northfield's conclusion on July 2, 2014 and then hired the necessary expert to search for and find a basis for that conclusion—in direct violation of Article 541 of the Texas Insurance Code. To no surprise, on May 6, 2015, Donan vaguely and globally attributes the roof damage to unspecified "age-related deterioration" without, as required by Article 541, offering any factual basis for this opinion. Even more disturbing, while, on one hand, opining there was no hail damage to the roof, Donan, on the other hand, recognized that "hail up to ¾ inch in diameter fell at this site" and the roof exhibited various areas of "granular loss" synonymous with direct physical loss damage attributable to the Donan recognized hail storm. And, at no time, did Donan recognize or address the

cause and extent of the significant water intrusion and damage to the Apartment Complex's interior finishes (leaving Plaintiff with only the unknown adjuster's previous "most likely" causation opinion).

The very next day, on May 7, 2015, Northfield denied Plaintiff's claim a second time. The only distinction between the initial July 2, 2014 denial (adjuster inspection) and the second May 7, 2015 denial (engineering inspection) are the first and third introductory paragraphs on the first page. Strikingly, the body and substance of the two (2) denials are identical again demonstrating a result-oriented, cursory, pre-textual and limited investigation. Then, on October 6, 2015, Northfield denied Plaintiff's claim a third time without any additional bases or investigation and this denial completely mirrors the second May 7, 2015 denial and is identical to the initial July 7, 2014 denial in substance asides from the two (2) introductory paragraphs identified previously. Of note, all three (3) coverage decisions and denial letters were authored by Northfield Claims Handler and Co-defendant Laurie Moore who made the misrepresentations previously discussed.

Given this limited, pre-textual and result-oriented investigation and repeated denial of coverage and responsibility for this loss, Plaintiff has not been able to address the damage to the Apartment Complex and was forced to retain the undersigned's services for Defendants' failure to honor their contractual obligations. It is Plaintiff's position that the hail damage to the Apartment Complex's roof necessitates replacement and various exterior finishes as well as interior water damage areas warrant repair as a result of this storm and the associated reasonable repair cost with like kind and quality materials will exceed $150,000.

# VI.  CAUSES OF ACTION

## CAUSES OF ACTION AGAINST DEFENDANTS

**A.    DECLARATORY JUDGMENT**

Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair and replace the damaged property.  Plaintiff requests a declaration that the Policy unambiguously covers the damage to its property.  Alternatively, Plaintiff requests a declaration that the Policy is ambiguous and must be interpreted in its favor.

**B.    BREACH OF CONTRACT**

Defendants' conduct constitutes a breach of the insurance contract made between Defendants and Plaintiff.  Defendants' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants' insurance contract with Plaintiff.  Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands.  Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Defendants, pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, business interruption loss, loss of rent, extra expense, attorneys' fees, prejudgment interest, other litigation expenses and cost of court.

**C.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
        UNFAIR SETTLEMENT PRACTICES**

Defendants' conduct constitutes multiple violations of Texas Insurance Code Chapter 541 and particularly TEX. INS. CODE §541.060(a).  All violations under this Chapter are made actionable by TEX. INS. CODE §541.151.

Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE.§541.060(a)(3).

Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

### D.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS

Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair

Claim Settlement Practices Act.  All violations made under this Chapter are made actionable by TEX. INS. CODE §542.060.

Defendants' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

Defendants' failure, as described above, to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of a claim and a violation of TEX. INS. CODE §542.056.

Defendants' delay of the payment of Plaintiff's claim as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of a claim and a violation of TEX. INS. CODE §542.058.

**E.    DECEPTIVE TRADE PRACTICES**

At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, referred to as the Deceptive Trade Practices-Consumer Protection Act ("DTPA.")

Defendants and its agents violated provisions of the DTPA including the following:

1.    violations of the Texas Insurance Code as set forth above;

2.    representing that the Policy had benefits which it did not have;

3.    representing that the Policy conferred or involved rights and remedies that it did not have;

4.   promulgating and selling a Policy which is worthless, provides little or no coverage, and is illusory;

5.   misrepresenting the terms of an agreement;

6.   representing that the Policy had characteristics, standards or coverage which it did not have;

7.   failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and

8.   engaging in an unconscionable act or course of action.

The deceptive acts and practices herein were in connection with Plaintiff's purchase of and claim under the Policy.  Plaintiff relied on the false, misleading and deceptive acts and practices as alleged herein to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff.  As a result of the conduct of Defendants, Plaintiff has suffered damages including, without limitation, actual, economic and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made.  Accordingly, Plaintiff will seek treble damages pursuant to Tex. Bus. & Comm. Code §17.50(b)(1).

**F.   BAD FAITH**

Defendants have refused to pay or have delayed paying a claim after liability has become reasonably clear.  Defendants have refused to pay, delayed paying or have offered grossly inadequate and unconscionable sums to settle the claim submitted by Plaintiff.  This constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts. Therefore, Defendants have acted in bad faith.

**G.    VICARIOUS LIABILITY/RESPONDEAT SUPERIOR/JOINT AND SEVERAL LIABILITY**

Plaintiff affirmatively pleads vicarious liability, respondeat superior as well as joint and several liability theories of recovery against Defendants. That is, at all times, Adjuster Laurie Moore who adjusted the claim made basis of this suit was in the course and scope of employment for Defendant Northfield Insurance Company and was acting as a duly authorized representative with actual and apparent authority from Defendant Northfield. Therefore, Plaintiff pleads that all Defendants have joint and several liability for the deceptive acts, misconduct and misrepresentations of any other Defendant.

## VII. KNOWLEDGE AND INTENT

Each of the Defendants' acts described above, together and singularly, were done "knowingly" and "intentionally" and were a producing cause of Plaintiff's damages described herein.

## VIII. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

For noncompliance with Texas Insurance Code §541 and for non compliance with the DTPA, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times the actual damages. *See* TEX. INS. CODE §541.152.

For noncompliance with Texas Insurance Code §542, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees.  *See* TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

For noncompliance with Texas Deceptive Trade Practices Act, Plaintiff is entitled to economic damages, which include the amount of benefits wrongly withheld.  For knowing conduct violations, with regard to these breaches of duty, Plaintiff is entitled to damages for mental anguish, and Plaintiff also asks for three times the economic damages.  For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to economic damages and damages for mental anguish, and Plaintiff asks for three times the amount of economic and mental anguish damages.  Plaintiff is also entitled to court costs and attorney's fees.  TEX. BUS. & COM. CODE §17.50(b)(1).

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of attorneys.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy have been or will be met.

## X.  JURY DEMAND

Plaintiff is requesting a jury and is tendering the appropriate fee.

## XI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover from Defendants such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages and exemplary/punitive damages under common law, the Texas Insurance Code and the DTPA.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this cause, for all costs of Court, for prejudgment and post-judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.

By: _____
David L. Chumbley
State Bar No. 24032069

400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone:  (972) 516-8808
Telecopy:  (972) 516-8819
Email:  davidchumbleypc@gmail.com

## ATTORNEYS FOR PLAINTIFF